**FILED**
Friday, 23 July, 2004  08:33:19 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **FRANK GALLO,** ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 03-2192 |
| **BENEFIT PLANNING CONSULTANTS,** ) | |
| **INC., an Illinois corporation,** ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

In October 2003, Plaintiff Frank Gallo filed a Complaint and Demand for Jury Trial (#1) against Defendant Benefit Planning Consultants, Inc., alleging a breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") pursuant to 29 U.S.C. § 1001, 29 U.S.C. § 1109, and 29 U.S.C. § 1132(a)(2). Plaintiff also alleged common law negligence. The Court has jurisdiction over this case based on federal question (29 U.S.C. § 1001).

In May 2004, Defendant filed a Motion To Dismiss Plaintiff's Complaint (#11). After reviewing the parties' pleadings and memoranda, the Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss Plaintiff's Complaint **(#11)** be **GRANTED** in part and **DENIED** in part.

### I. Background

The following background is taken from the complaint (#1). Defendant was the administrator of the Editions in Cast Paper, Ltd. 401(k) Plan (hereinafter "Plan") during the alleged actions in question. (#1, ¶ 7.) The Plan is a benefit plan within the meaning of 29 U.S.C. § 1003(a). (#1, ¶ 8.) At all times material in this action, Plaintiff was a beneficiary and participant under the Plan. (#1, ¶ 10.)

Over a period of years, Defendant engaged in a course of conduct by which it accepted

and processed requests for disbursement in the name of Plaintiff from the Plan which Plaintiff had not requested. (#1, ¶ 11.) Defendant knew or had reason to know that Plaintiff did not request the disbursements. Nevertheless, on four separate occasions, Defendant caused funds belonging to Plaintiff under the Plan to be paid to someone other than Plaintiff who was not eligible to receive the funds. (#1, ¶¶ 12, 13, 14.) As a result of this, the Plan has suffered losses in assets. (#1, ¶ 17.) Additionally, Plaintiff has suffered losses in benefits and in the value of his retirement plan. (#1, ¶ 20.) Because of these losses, Plaintiff has had to file petitions for both personal and corporate bankruptcy. (#1, ¶ 18.) Plaintiff first had knowledge of the alleged acts of Defendant between August and December 2001. (#1, ¶ 21.)

Plaintiff's complaint alleges two counts. Count I alleges breach of fiduciary duty with respect to the Plan. Count II alleges common law negligence. The motion to dismiss involves both of these counts.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept all well-pleaded factual allegations in the claim as true, and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters,* 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power,* 111 F.3d 1312, 1319-20 (7th Cir. 1997).

## III.  Analysis

Defendant argues that the Court should dismiss this case because (1) Plaintiff's claim for individual damages is invalid; (2) in Count I, Plaintiff has not adequately alleged that Defendant is a fiduciary as defined by 29 U.S.C. § 1002(21)(a); and (3) in Count II, ERISA preempts the state law negligence claim.

As an initial matter, Defendant pointed out that if Plaintiff's request for relief in Count I included relief for Plaintiff and not just relief for the Plan, ERISA would bar the claim. The Court has perused Plaintiff's request for relief, and the Court's understanding is that Plaintiff is only requesting that the money that was allegedly given to someone who was not Plaintiff be returned to the Plan along with any interest that would have been earned had it been in the Plan. Thus, Plaintiff is seeking relief for the Plan, rather than for himself individually. This is an acceptable request under Section 1109 of ERISA. 29 U.S.C. § 1109.

### A.  Breach of Fiduciary Duty

Defendant argues that the Court should dismiss Plaintiff's breach of fiduciary duty claim because Plaintiff failed to adequately allege that Defendant was acting as a fiduciary at the time of the alleged action. Specifically, Defendant contends that Defendant's actions relating to the disbursements were ministerial and thus Defendant was not acting as a fiduciary. Plaintiff responds that Defendant's alleged actions amounted to acting as a fiduciary with respect to the conduct which is the subject matter of the complaint.

ERISA defines a fiduciary as a person who either exercises discretionary authority or control respecting management of the plan or exercises any authority or control respecting management or disposition of its assets, or renders investment advice for a fee or other compensation, or has discretionary authority or discretionary responsibility in the administration of the plan. 29 U.S.C. § 1002(21)(A). A person or entity deemed to be a fiduciary is not necessarily a fiduciary for every purpose, but only to the extent that he performs one of the described functions. *Johnson v. Georgia-Pacific Corp.,* 19 F.3d 1184, 1187 (7th Cir. 1994). Therefore, to be liable under ERISA, the alleged misconduct must fall within the area of conduct in which the defendant is a fiduciary.

Defendant contends that Plaintiff has not alleged that Defendant exercised any discretionary authority or control with regard to the allegedly improper disbursements. Plaintiff responds that Defendant exercised discretionary authority each time it made a decision (1) to accept the disbursement request document from someone other than Plaintiff, knowing that the

individual was not Plaintiff; (2) not to contact Plaintiff to ask why someone else was presenting the disbursement request on that particular occasion; and (3) not to verify the signature on the disbursement request when it was presented by someone other than Plaintiff.

Defendant relies on *Robbins v. First American Bank of Virginia,* 514 F.Supp. 1183, 1190 (N.D.Ill. 1981), in which the Northern District Court referred to an interpretive release from the Department of Labor that defines as ministerial certain services, including processing claims. However, in *Robbins,* the court ultimately concluded that the bank's role in processing claims was ministerial because the bank was "merely a servicing agent for a particular investment . . . never itself involved with the administration of the [pension] fund itself or in making its investment policies and decisions. The bank was required to fulfill various ministerial functions respecting one investment, including making advances to the borrower and remitting loan repayments to plaintiffs." *Id.* at 1190-01. Therefore, the court determined that the bank did not exercise enough discretionary authority to be a fiduciary.

Pursuant to 29 U.S.C. § 1002(21)(A), the plan administrator is the fiduciary of the plan, for the plan administrator has discretionary authority or control over the management of the plan. *Alexian Brothers Medical Center v. South Lorain Merchants Assoc. Health and Welfare Plan,* No. 98 C 0559, 1998 WL 911783, at *4 (N.D. Ill. Dec. 24, 1998). *See Metzler v. Solidarity of Labor Org. Health & Welfare Fund,* No. 95 Civ. 7247, at *7 (S.D.N.Y. Aug. 14, 1998) (finding that where an entity exercises any authority or control as to disposition of assets, the entity has fiduciary status); *Meeks et al. v. United Air Cleaner Co., Inc.,* No. 95 C 2563, 1997 WL 460961, at *2 (N.D.Ill. Aug. 11, 1997) (stating that "[p]rocessing claims, including deciding if and when payment is to be made" is clearly related to administration of the Plan; but finding that where the defendant could not exercise any discretion in processing claims, it was not a fiduciary); *see also Buckley Dement, Inc. v. Travelers Plan Adm'r of Illinois, Inc.,* 39 F.3d 784, 788 (7th Cir. 1994) (finding that the defendant (TPA) was not a fiduciary under the Plan based on the terms of the Claims Administration Agreement between Buckley Dement and TPA, which stated that Buckley Dement had "absolute authority with respect to the control, management, investment, disposition or utilization of Plan assets." The agreement specified that TPA, its administrative

4

agent, did not possess "any discretion or authority" over the Plan assets.).

Here, Plaintiff has alleged that Defendant was the plan administrator and Defendant accepted and processed requests for disbursement. As plan administrator, Defendant arguably had authority to grant or deny the claims for disbursement. *See Klosterman v. Western Gen. Mgmt, Inc.,* 32 F.3d 1119, 1124 (7th Cir. 1994) (final claims decisions are made by the plan administrator). The Court therefore infers that Defendant had the final authority to grant or deny the claims. *Gutierrez,* 111 F.3d at 1368-69 (the court must draw all reasonable inferences in favor of the nonmoving party). As a result, the Court concludes that Defendant is a fiduciary with the type of authority and responsibility that brings it within the coverage of ERISA's fiduciary provision. *See Robbins,* 514 F.Supp. at 1190 ("One with authority to grant to deny claims . . . has the type of discretion and responsibility contemplated by the Act" that would bring him within the coverage of ERISA's fiduciary provision).

At this stage in the proceedings, Plaintiff has adequately alleged that Defendant had the type of authority and responsibility that would bring it within the coverage of ERISA's fiduciary provision. Therefore, the Court recommends denying Defendant's motion to dismiss as to breach of fiduciary duty.

### B.  Negligence

Defendant next argues that the Court should dismiss Plaintiff's negligence claim because it is preempted by ERISA pursuant to 29 U.S.C. § 1144(a). Plaintiff responds by citing a Third Circuit case in which the court remanded the case on the negligence count which is proof,

Plaintiff argues, that there is not an automatic preemption of all claims that accompany claims arising under ERISA. *Srein v. Frankford Trust Co.,* 323 F.3d 214, 224 (3rd Cir. 2003).

According to 29 U.S.C. § 1144(a), "the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under

5

section 1003(b) of this title." Thus, if the conduct at issue relates to an employee benefit plan, any claims based on that conduct are preempted by ERISA. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96 (1983).

Therefore, the Court must determine whether Plaintiff's negligence claim "relates to" the Plan for purposes of 29 U.S.C. § 1144(a). According to the United States Supreme Court, a claim for benefits within the scope of Section 502(a) is completely preempted. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 66-67 (1987). Section 502(a)(1) provides, "a civil action may be brought (1) by a participant or beneficiary– (A) for relief provided for in section (c) of this section, or (B) to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1). In determining whether a claim is within the scope of Section 502(a), three factors are examined, "(1) whether the plaintiff is eligible to bring a claim under that section; (2) whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a); and (3) whether the plaintiff's state law claim requires interpretation of an employee benefit plan covered by ERISA." *Rice v. Panchal,* 65 F.3d 637, 644-45 (7th Cir. 1995). If Plaintiff's claim satisfies these three factors, Plaintiff's negligence claim is within the scope of Section 502(a) and is preempted by ERISA. *Id.*

Applying the test to this case, Plaintiff is eligible to bring this claim under Section 502(a), thereby satisfying the first factor. Plaintiff is a beneficiary of the Plan, and seeks to enforce his rights under the terms of the Plan, and to get relief from the erroneous disbursement. Plaintiff also satisfies the second factor. Plaintiff's cause of action falls within the scope of an ERISA provision that he can enforce via Section 502(a) because Plaintiff can (and did) bring this claim as a breach of fiduciary duty claim under ERISA pursuant to 29 U.S.C. § 1109. The only question that remains is whether Plaintiff satisfies the third factor, and the Court finds that Plaintiff does. Plaintiff's state law claim does require interpretation of an employee benefit plan covered by ERISA, because in order to determine if Defendant breached a duty to Plaintiff, the Court would have to look at the Plan to figure out what the duty was. Thus, because Plaintiff meets all three factors, the claim is within the scope of Section 502(a). Therefore, the Court

concludes that ERISA preempts Plaintiff's negligence claim and recommends dismissing Count II.

### IV.  Summary

For the reasons set forth above, this Court recommends that Defendant's Motion To Dismiss Plaintiff's Complaint **(#11)** be **GRANTED** in part and **DENIED** in part, as follows: **GRANTING** with prejudice Defendant's motion to dismiss Count II, the negligence claim, and **DENYING** Defendant's motion to dismiss Count I, the breach of fiduciary duty.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 22nd day of July, 2004.



s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE

H:\Inbox\rec\2004\gallo v benefit.03-2192.mtd#11.R&R.wpd